

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | Not for Print or Electronic Publication |
| - against - | OPINION AND ORDER |
| OSCAR GARCIA, | 01 CR 245 (ARR) |
| Defendant. | |

------------------------------------------------------------X

ROSS, United States District Judge:

Defendant *pro se*, Oscar Garcia, has moved, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 of the United States Sentencing Guidelines (U.S.S.G), for a reduction of the 168 month sentence imposed on him by the late Honorable Charles P. Sifton on January 4, 2002. In substance, defendant urges that his prison sentence should be reduced by three Guidelines levels because U.S.S.G. retroactive Amendment 591 (effective November 1, 2000) lowers by three levels the base offense level for attempts, solicitations and other conspiracies "not covered by a specific offense guideline", U.S.S.G. § 2X1.1, and because "the jury made no finding as to the quantity of drugs in" what the defendant characterizes as the "attempt" or "conspiracy offense[s]" charged against him. See Defendant's Motion, pp. 4-5. Contrary to such contentions, because, among other things, defendant was sentenced under U.S.S.G. § 2D1.1, which does not, under Amendment 591, afford a downward adjustments similar to that provided by U.S.S.C. § 2X1.1, defendant is not entitled to resentencing.

1

## FACTS

On July 2, 2001, after a trial by jury, defendant was convicted of both counts of a two-count indictment charging a conspiracy to distribute and possess with intent to distribute 100 or more grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One) and possession with intent to distribute 100 grams or more of heroin within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 860 (Count Two). At sentencing on January 4, 2002, Judge Sifton adopted the calculations in the pre-sentence report, identifying, by reference to U.S.S.G. § 2D1.1(a)(3) and the Drug Quantity Table, a base offense level of 30 for Count One, and by reference to U.S.S.G. § 2D1.2(a)(1), a base offense level of 32 for Count Two. Then, adding to each a two level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice occasioned by the defendant's commission of perjury at trial, and grouping the two counts under § 3D1.2(d), the court found an adjusted offense level of 34. Given defendant's criminal history category of II, the Guidelines called for a range of imprisonment of 168 to 210 months, and Judge Sifton imposed a prison term at the bottom of this range. The conviction and sentence were affirmed on appeal. United States v. Garcia, 51 Fed. Appx. 325 (2d Cir. 2002).

## DISCUSSION

Defendant's claimed entitlement to resentencing under U.S.S.G. Amendment 591 is flawed in a number of respects.

First, U.S.S.C. Amendment 591, which forms the basis of defendant's claim, became effective on November 1, 2000, some three months before the commission of the February 1, 2001 offenses of which defendant was convicted. Title 18 U.S.C. § 3582(c)(2), which authorizes the retroactive modification of a prison term, does so only "in the case of a defendant who has

been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently</u> been lowered by the Sentencing Commission..." <u>Id</u>. (emphasis added). Because Amendment 591 had become effective well in advance of both defendant's offenses of conviction and his sentence, defendant "is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2)." <u>United States v. Garcia</u>, No. 96 Cr. 760-1(LLS), 2009 WL 5179608 at *2 (S.D.N.Y. December 30, 2009), quoting <u>United States v. Rittweger</u>, No. 02 Cr. 0122(JGK) 2009 WL 2223051 at *1 (S.D.N.Y. July 16, 2009). <u>See also</u> <u>United States v. Suarez</u>, 244 Fed. Appx. 921, 924 (10th Cir. 2007) ("All of these Amendments were operative well before [defendant's] sentencing in 2002, and § 3582(c)(2) does not confer jurisdiction over challenges to a sentence based of Guidelines *already* in effect.") (emphasis in original).

Moreover, as the government argues, Judge Sifton's sentence was entirely consistent with U.S.S.C. Amendment 591 because the court's selections of offense guidelines were properly based on the statutes of conviction, which, pursuant to the Statutory Index of the Guidelines Manual, called for application of U.S.S.G. § 2D1.1. Specifically, Amendment 591 "requires that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct ... " not made by a jury. <u>United States v. Rivera</u>, 293 F. 3d 584, 585 (2d Cir. 2002). "The Amendment was intended to 'emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction.'" <u>Id</u>. (citing U.S.S.G. Manual Supp. to App. C, amend. 591, cmt. at 32 (Nov. 1, 2000)). Here, the defendant's offenses of conviction are explicitly referenced in the Guidelines Manual Statutory Index to the specific offense guidelines of § 2D1.1. Hence, language in Amendment 591 regarding U.S.S.G. § 2X1.1, the guideline governing attempt,

3

solicitation or conspiracy *not* covered by a specific offense guideline, has no application to defendant. Indeed, § 2X1.1 itself provides that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." Id. 2X1.1(c)(1). Application note 1 to § 2X1.1 states that "[o]ffense guidelines that expressly cover conspiracies include" § 2D1.1, the guideline that applies to defendant's conspiracy of conviction. Id. § 2X1.1, cmt. n. 1. Because defendant's convictions are expressly covered by offense guideline § 2D1.1, the language of § 2X1.1 itself also directs the application of the provisions of § 2D1.1, and not those of § 2X1.1. See United States v. Smith, 88 Fed. Appx. 71, 72-73 (6th Cir. 2004) (motion for sentence reduction under 2X1.1 based on retroactive application of Amendment 591 denied because defendant convicted of conspiracy covered by § 2D1.1).

Finally, the government is also correct that the defendant's argument that "the jury made no finding as to the quantity of drugs," see Defendant's Motion, p, 6, "confuses [1] the applicable offense guideline with [2] the base offense level within that applicable offense guideline." Rivera, 293 F.3d at 585 (emphasis in original). U.S.S.G. § 1B1.3(a) "explicitly allows a sentencing court to consider relevant conduct and specific offense characteristics in choosing the appropriate base offense level once an offense guideline has been selected." Id. at 586 (emphasis in original). Thus, Judge Sifton properly selected the correct base offense level given the amount of heroin involved in defendant's offenses of conviction.

## CONCLUSION

For the above reasons, defendant's motion to reduce his sentence under 18 U.S.C. §3582(c)(2) based on retroactive application of U.S.S.G. Amendment 591 is denied.

SO ORDERED:

Dated: Brooklyn, New York
January 22, 2010

S/ Judge Ross
_____
Allyne R. Ross
United States District Judge

COPIES MAILED TO:

Oscar Garcia
Federal Reg. No. 55255-053
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986-0630


Richard Tucker
Assistant U.S. Attorney
United States Attorney's Office
271 Cadman Plaza East, 4th Fl.
Brooklyn, NY 11201